CALDERÓN ET AL., APPELLANTS, *v.* REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 545.—Decided January 15, 1923.

RECORD OF TITLE—HEIRS—CIVIL STATUS—IDENTITY—CURABLE DEFECT.—In the registry of property there is recorded a property in the name of A, whose civil status at the time of the acquisition was stated as that of a widow. The proper district court declared certain acknowledged natural children to be the heirs of A, who had died single, and these heirs sold the property and stated in the deed of sale that in the purchase title of their ancestor the same notary before whom the deed of sale was being executed had stated by mistake that the grantee was a widow. An appeal was taken from a decision refusing to record the decree of heirship and the sale by the heirs and it was *Held:* That although the contradiction constitutes a curable defect, it is not of itself sufficient to justify a denial of the record, for the names are the same and all of the documents show that the same person is referred to.

The facts are stated in the opinion.

*Mr. V. Polanco de Jesús* for the appellants.

The respondent appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Certain acknowledged natural children were decreed to be the sole and universal heirs of Pilar Calderón Ortega who died "single and intestate."

These heirs as vendors in a deed of conveyance solemnly state that the only property left by their deceased mother is the tract subject of such sale, acquired by a certain deed executed before the same notary wherein Pilar Calderón Ortega was mistakenly described as a widow, the fact being that she had been always single. The notary who drew both deeds certifies in the latter instrument that in his judgment the parties have the necessary legal capacity for the execution of the deed, and at the end thereof, without any suggestions of qualification or limitation, further certifies to the contents.

Record of the decree of heirship was refused, in so far as the property described in the deed last above mentioned

is concerned, ''because the said property appears of record in the name of Pilar Calderón Ortega, a widow, according to the registry, a person different from the deceased Pilar Calderón Ortega, whose status was single according to the documents presented.''

The deed was likewise rejected because the property conveyed appeared of record in the name of ''Pilar Calderón Ortega, a different person than the vendors.''

The property is not, as claimed by the registrar, of record in the name of a person necessarily not the mother of appellants. The property is situate in the municipality of Morovis and of record in the name and double surname of the mother of appellants. The mere fact that Pilar Calderón Ortega, on acquiring the property, gave her civil status as that of a widow, does not duplicate her individual identity nor create any new legal entity. A woman may be a *de facto* widow and yet, in the technical eye of the law, not ''a married woman whose husband is dead.'' To illustrate, as pointed out by Bouvier, vol 2, page 1228:

''A woman surviving a man to whom she has been married but with regard to whom she had obtained a declaration of nullity of marriage is not a widow; 53 L. J. Ch. 239.''

But the mere fact that such a woman, unlearned in the law, had accepted a deed transferring property to her as a widow, could hardly be held to invalidate a subsequent conveyance by her as unmarried, or as a single woman, or as a spinster.

In the case at bar, Pilar Calderón Ortega, mother of vendors, died in Morovis, where the property of record in the name of Pilar Calderón Ortega, widow, is located. Vendors as the heirs of Pilar Calderón Ortega ''are a continuation of the legal personality of their ancestor.'' *López v. Registrar,* 29 P. R. R. 1. Both vendee and vendors are residents of Morovis. The property itself is valued at $200 and it may be that the purchaser, knowing the facts,

would prefer to have a title recorded with a curable defect rather than be put to the trouble and expense of causing the earlier entry to speak the truth.

— Our local law of evidence, section 102, subdivision 25, in full harmony with the well recognized general rule, includes among the disputable presumptions there enumerated that of "identity of person from identity of name."

All things considered, and in the absence of any possible prejudice to third parties, it is reasonably safe to assume that Pilar Calderón Ortega, widow, and Pilar Calderón Ortega, mother of appellants, are one and the same person. If the fact be otherwise, then the mention of a curable defect covering any misrepresentation in this regard would be notice to all the world of any outstanding rights in the widow, if any, or in her supposititious successors in interest.

See also *Rodríguez* v. *Registrar*, 29 P. R. R. 829.

The ruling appealed from must be reversed and record of the documents ordered, subject to a curable defect in identification of the predecessor in interest of vendors as the record owner.

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.